IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

STEVEN M. ZACHMAN,

No. 15-CR-30042-DRH

Defendant.

## MEMORANDUM and ORDER

Now before the Court is defendant Steven M. Zachman's *pro se* motion in opposition to government's application for writ of garnishment (Doc. 39). Specifically, Zachman argues that he has made arrangements to pay his fine, restitution, and special assessment through the Inmate Financial Responsibility Program (IFRP), and therefore is not in default (Doc. 176). The government filed a response opposing Zachman's request, in which it notes that Zachman failed to indicate a valid claim for exemption to the garnishment. See 28 U.S.C. § 3014.

The United States initiated garnishment proceedings against Zachman's property in the form of an account or accounts held by USAA, pursuant to 28 U.S.C. § 3205 of the Federal Debt Collections Procedures Act (28 U.S.C. § 3001, et seq.). The Writ of Garnishment was issued and the Garnishee–Defendant filed an answer on December 28, 2015, (Doc. 40), stating that at the time of service of the writ, the business had in its possession or under its control personal property belonging to Defendant Zachman that includes both checking and savings on which he is the sole

accountholder (Doc. 40).

28 U.S.C. § 3014 provides that a debtor to the United States may be entitled to claim exemptions as to certain property in response to a garnishment action. The debtor may also, upon application to the court, "request a hearing on the applicability of any exemption claimed by the debtor." 28 U.S.C. § 3014(b)(2). The court shall then "determine the extent (if any) to which the exemption applies." *Id.* 28 U.S.C. § 3202(d) limits the nature of a hearing in a garnishment proceeding generally to the probable validity of any claim of exemption by the judgment debtor or to compliance with any statutory requirement for the issuance of a writ of garnishment. 28 U.S.C. § 3202(d).

In this case, Zachman failed to assert any statutory exemptions that apply to the property the United States seeks to garnish. Instead, he argues that his participation in the IFRP keeps him out of default. However, what Zachman fails to realize is that in order to satisfy the judgment debt, the government, as judgment creditor, is attempting to use assets held by USAA, owned by Zachman, to pay off the judgment. The defendant's enlistment in the IFRP to pay his fine, special assessment, and restitution judgment does not preclude the government from pursuing its judgment debt.

Furthermore, the judgment entered against Zachman states under "Special Conditions," that "*The defendant shall pay any financial penalties imposed which are due and payable immediately*. If the defendant is unable to pay them immediately, any amount remaining unpaid when supervised release commences will become a condition of supervised release and be paid in accordance with the

Schedule of Payments sheet of the judgment based on the defendant's ability to pay." (Doc. 34, p. 5) (emphasis added). The Court also highlighted this condition at sentencing by stating that "the fine is due immediately" (Doc. 42, p. 35). Therefore the payment plan in this case is to be construed as a minimum obligation of Defendant Zachman for payment of his court-ordered fine.

Accordingly, Zachman's *pro se* motion in opposition to government's application for writ of garnishment (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.13 14:56:27 -06'00'

**United States District Court Judge**